**UNITED STATES of America,
Appellee,**

v.

**Robert ABNEY, Appellant.**

**No. 73–2477.**

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 18, 1974.

Decided Jan. 2, 1975.

Certiorari Denied March 31, 1975.

See 95 S.Ct. 1451.

---

Paul Mark Sandler, Baltimore, Md. [court-appointed], on brief for appellant.

David H. Hopkins, U. S. Atty. for the Eastern District of Virginia, and K. Gregory Haynes, Asst. U. S. Atty., on brief for appellee.

Before BUTZNER, RUSSELL, and FIELD, Circuit Judges.

PER CURIAM:

Robert Abney was convicted by a jury of second degree murder for having killed Enoch Creek, Jr. At the time of the murder, both men were inmates at Lorton Reformatory. On appeal, Abney contends that the trial court erroneously permitted the government to ask one of its witnesses, Gary Johnson, whether Abney requested Johnson to provide an ali-bi and lie on his behalf. We find no error and affirm.

The evidence at trial indicated that Abney and Creek had had a dispute over drugs and that Creek had threatened Abney with a knife on the afternoon of the murder. The evidence further indicated that the fatal fight had begun in a dormitory bathroom and that Creek died as a result of stab wounds following a severe beating administered by Abney. Abney contended on his behalf that he had killed Creek in self-defense. During the government's case in chief, before the claim of self-defense had emerged, Johnson had been asked whether he remembered whether Abney had asked him to provide an alibi for him. Johnson gave an affirmative reply and stated upon further questioning that Abney had asked him to say that they had been playing cards or dominoes on the afternoon of the killing. It is to this line of questioning that Abney now objects.

We find no error in the questioning engaged in by the government. Testimony concerning an attempted fabrication of an alibi is itself some affirmative evidence of guilt. United States v. Ford, 237 F.2d 57, 63 n. 10 (2nd Cir. 1956). Such testimony is thus probative evidence concerning a defendant's state of mind which is properly presentable to a jury.

Accordingly, we dispense with oral argument and affirm the conviction.

Affirmed.